65 F.3d 178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John Henry PAYNE, Plaintiff-Appellant,
v.
Tully McCOY, District Attorney, Norman, OK; Tim KUKENDALL.
Defendant-Appellees.
 No. 94-6399.
 United States Court of Appeals, Tenth Circuit.
 Sept. 5, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Pro se plaintiff, John Henry Payne, brings this 42 U.S.C.1983 action, contending that his due process rights were violated by the seizure of an M-16 rifle and $407.00 in cash, taken from his home at the time of his December 5, 1991 arrest. Plaintiff, who was on parole at the time, admitted to police officers that he had sold marijuana and consented to the search of his home, which revealed a small amount of marijuana, the rifle, and the $407.00 in cash. Plaintiff was arrested and charged under Oklahoma law with unlawful possession of marijuana with intent to distribute, unlawful possession of a firearm, unlawful possession of a lost or mislaid credit card, and possession of drug paraphernalia.
 
 
 3
 The district attorney instituted forfeiture proceedings and notified plaintiff through his attorney. The forfeiture action was originally set for a hearing on March 12, 1992, but was continued at the request of plaintiff's attorney pending the resolution of plaintiff's criminal charges.
 
 
 4
 The criminal matters came on for jury trial in August of 1992, but after the evidence was presented, the trial judge went into labor and a mistrial was declared. At a second trial, plaintiff, with a different attorney, was convicted of unlawful delivery of marijuana and unlawful possession of marijuana, both after former conviction of a felony. It seems that the forfeiture proceedings had somehow been forgotten by all parties and it was not until the plaintiff filed this instant action that the Cleveland County District Court entered an order on June 20, 1994 setting the forfeiture hearing for October 11, 1994.
 
 
 5
 The plaintiff's complaint in this case that he was deprived of his property without due process was reviewed thoroughly by a magistrate judge. The magistrate recommended that the defendants' motion for summary judgment be granted. The magistrate pointed out that because the plaintiff's forfeiture proceeding was still pending in state court, he had not yet been deprived of his property and he was still entitled to proceed under the safeguards afforded by the Oklahoma courts. The district court adopted the magistrate's recommendation. The court observed that the plaintiff would have the opportunity to be heard and attend the forfeiture proceeding and that his complaints that the forfeiture proceeding was not timely provided no basis for a claim based on delay.[2] The court reasoned that the original hearing had been continued by the agreement of both parties and that the plaintiff did not contend that he had been prevented from seeking an earlier setting for the hearing.
 
 
 6
 It appears that the district court's optimism about plaintiff's opportunity to be heard was well placed. In a "Request to Supplement the Record" the plaintiff submits an opinion of the Court of Appeals of the State of Oklahoma reversing the judgment of forfeiture in favor of the state and remanding the case to the trial court with directions to enter judgment for the plaintiff. The court also ordered return of the $407.00 to the plaintiff. Thus, this appeal, in addition to being without merit, is now moot.[3]
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 With respect to the M-16 rifle, however, the district court correctly pointed out that under Oklahoma law the plaintiff was not entitled to its return due to his status as a former felon. See Okla. Stat. tit. 21, 1283, 1289.12
 
 
 [3]
 This appeal was also challenged for timeliness because the district court's order was entered September 28, 1994, and plaintiff's notice of appeal was filed in the district court on October 31, 1994. However, the plaintiff filed his notice while incarcerated at the Mack E. Alford Correctional Facility in Oklahoma. Although the notice of appeal does not contain a notarized statement of declaration, it is dated October 25, 1995 on its face, which is within the 30-day deadline. See Fed. R.App. P. 4(c)